UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB - 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

ROBERT LEE FOSTER,

Defendant.

Crim. No. 07-0028
(Magistrate No. 06-0516)
ESH/DAR

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged with bank robbery in violation of 18 U.S.C. § 2113(a). A consolidated preliminary hearing and detention hearing was conducted by the undersigned United States Magistrate Judge on January 18, 2007.[1]

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person

---

[1] At the time of the hearing, Defendant was charged by criminal complaint. He has since been indicted.

United States v. Foster                                                                 2

and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

The government's sole witness was F.B.I. Special Agent Sean Fitzgerald. Agent Fitzgerald testified that on October 26, 2006, an individual entered the M&T Bank located at

United States v. Foster                                                                    3

6434 Georgia Avenue, N.W., at approximately 9:10 a.m. and gave a teller a note which read "give me all of your money, I have a gun." The teller gave the individual money from the drawer. The individual took the note back and then left the bank. Surveillance photographs were taken at the bank of the robber. Eyewitnesses to the robbery provided a physical description of the person who committed the robbery, and also reported that the person wore a band-aid over his nose and a patch over his left eye.

On December 13, 2006, a man robbed two banks in Gaithersburg, Maryland. The person who committed both robberies was described in a manner virtually identical to the description of witnesses to the M & T Bank robbery. Surveillance photos of the robber were obtained from Sandy Springs Bank, one of the two banks robbed in Maryland. Agent Fitzgerald testified that he reviewed the surveillance video from the robbery at M&T and at Sandy Springs Bank and noticed the robber in both videos was a man with a beard who wore a patch over his left eye. During the investigation of the robberies, the Defendant became a suspect for the bank robberies in Maryland and his picture was part of a photo array shown to two employees of M&T who were at the bank during the robbery on October 26, 2006. Prior to the photo array employees of M&T had received an e-mail photo from the surveillance video taken during the robbery of the Sandy Springs Bank, and the employees who witnessed the robbery at M&T stated that the person who committed the robbery was the same person from the Sandy Springs Bank robbery surveillance photos. Both identified the Defendant as the man who robbed the bank; however, one of the employees did not see the October 26, 2006, robbery, but did catch a glimpse of the robber from a June 2006 robbery and stated that they were the same person. Agent Fitzgerald testified that after the Defendant was arrested he admitted that he committed four bank robberies.

United States v. Foster                                                                                                          4

The Defendant gave details and specifics about how he committed the robberies, told the agents that he was a drug user, and that there was no money left from the robberies.

Counsel for the government, in further support of the government's request for pretrial detention, proffered that Defendant is an admitted drug user, that he does not have a stable residence, and there is an outstanding warrant for him in Maryland for the two bank robberies in Gaithersburg. The counsel for government also proffered that when the Defendant was arrested, he provided false information to the authorities including a false name, birth date, and social security number. Counsel for the government also proffered that the Pretrial Services Agency reported that Defendant has two prior convictions for violent offenses, and a prior conviction for escape. Counsel for the government also offered into evidence the photographs which depicted the robbery suspect who robbed the M&T bank and the Maryland banks.

Defendant offered no evidence with regard to probable cause, but argued that there was insufficient evidence to show probable cause. Defendant's counsel stated that the photo array conducted by Agent Fitzgerald was tainted because approximately a week before that the employees had seen the photo of the robber from the Sandy Springs Bank. Counsel for the Defendant also contended that none of the witnesses had previously known the Defendant before the robbery. Defendant also contended that his admission should be suppressed because he had told the authorities he did not want to "snitch on himself," but they continued to ask him questions. After consideration of the arguments, the court found probable cause.

Through counsel, Defendant proffered that his last conviction was in 1983 and that he successfully completed parole. Defendant also contended that when he was arrested the authorities did not find any evidence linking him to the M&T robbery, such as, stains from a dye

United States v. Foster                                                                                                              5

pack, a gun, or any money that was from the bank. Through his counsel, Defendant requested that even though he does not have a permanent residence, the court consider him for something less than detention.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.[2]

First, the nature and circumstances of the offense charged indicate that there is probable cause that Defendant committed a crime of violence.

Second, for the reasons proffered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. Of particular significance is Defendant's criminal history: the Defendant has two prior convictions for crimes of violence, has a prior conviction for escape, and has been linked to four bank robberies within an eight-month period.

Finally, the undersigned is satisfied that the toll which violence has taken, and continues to take, upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence offered and proffered by the government compels the conclusion that community would be endangered by Defendant's release.

---

[2] The undersigned makes no findings regarding whether there is a preponderance of the evidence that no condition of release or combination of conditions will reasonably assure Defendant's appearance in court.

United States v. Foster                                                                                                      6

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the January 18, 2007 Order of Detention.

                                                            _____
                                                            DEBORAH A. ROBINSON
                                                            United States Magistrate Judge

_____February 9, 2007_____
           DATE

_____January 18, 2007_____